# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

| | |
|---|---|
| **JACOB D. SCHWINDEL,** | |
| **Plaintiff(s),** | |
| **v.** | **Civil Action No.   4:19-CV-187-JHM** |
| **METROPOLITAN LIFE INSURANCE COMPANY,** | |
| **Defendant(s).** | |

## COMPLAINT

### Introduction

This Complaint seeks all available legal and equitable relief arising from and relating to insurance policies issued and insured by Defendant Metropolitan Life Insurance Company. The headings in this Complaint are provided solely to assist in reviewing the statements and allegations contained herein. The factual allegations contained in this Complaint are not exhaustive and only intended to provide Defendant with the requisite notice of Plaintiff's claims.

### Jurisdiction & Venue

1.      This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

2.      Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391. Plaintiff resides, and the underlying events occurred, in this district.

**Parties**

3.      Plaintiff Jacob D. Schwindel ("Mr. Schwindel" or "Plaintiff") is a Kentucky resident and the named beneficiary for the insurance benefits at issue in this lawsuit.

4.      Defendant Metropolitan Life Insurance Company ("Met Life" or "Defendant") is the insurer for the life insurance benefits at issue in this lawsuit. Met Life is a licensed insurer by, and conducts business throughout, the Commonwealth of Kentucky. Met Life's designated agent for service of legal process in Kentucky is: CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

**Facts**

5.      Lonnie R. Schwindel died on July 4, 2019. Prior to his death, L. Schwindel had been hospitalized for approximately six months.

6.      Prior to his untimely death, L. Schwindel was employed by McElroy Metal Mill Inc. ("McElroy" or "Employer") at its Kentucky facilities in Lewisport, Kentucky.

7.      As a McElroy employee, L. Schwindel was eligible for and participated in several insurance benefits offered to employees. This insurance coverage included long-term disability insurance and life insurance provided by Met Life.

8.      Specifically, L. Schwindel was insured for $17,000 of basic life insurance, and an additional $110,000 in supplemental optional life insurance—again provided by Met Life.

9.      Due to functional limitations that precluded him from continuing to perform his job duties, L. Schwindel ceased work on August 16, 2017—his last day worked. At that time, his Employer placed him on an approved leave of absence.

10.     With the assistance of his Employer, L. Schwindel applied for his disability benefits under the Met Life insurance policies—long-term disability and life. Met Life approved his disability claims, commenced payment of his long-term disability benefits, and waived any

further premiums on his life insurance benefits.

11.     Relevant to this Complaint, Met Life determined that L. Schwindel was disabled under the basic life insurance policy until at least May 1, 2019. Met Life similarly determined L. Schwindel was disabled under the long-term disability insurance policy. Met Life further determined that L. Schwindel was disabled under the supplemental life insurance policy beginning August 9, 2018.

12.     While the long-term disability policy initially defined disability based on L. Schwindel's inability to perform his prior job duties at McElroy, the definition changed to his inability to perform the job duties of any other occupation as well—the same definition contained in the life insurance policies. Met Life's internal claims documentation specifically noted that L. Schwindel had been "approved" for "any occupation" benefits.

13.     Between August 16, 2017 and July 4, 2019, Met Life possessed all of the medical records and information necessary to continue L. Schwindel's disability benefits. Based on these records and information, Met Life continued to approve L. Schwindel's long-term disability and basic life insurance benefits. The former continued through his date of death and the latter through May 16, 2019.

14.     Despite having all of the medical records and information necessary to process and to approve L. Schwindel's long-term disability and basic life insurance benefits—under the same any occupation definition, Met Life terminated his supplemental optional life insurance benefits in February 2019.

15.     Met Life's stated reason for terminating the supplemental optional life insurance benefits was "due to failure to submit proof of continued disability."  This statement was false. Met Life already possessed all information necessary to continue L. Schwindel's disability

benefits—long-term and life—and in fact did so. In addition, pursuant to the supplemental optional life insurance policy terms, Met Life was not permitted to request updated records concerning a disability more frequently than annually—meaning not before August 9, 2019, twelve months after its initial approval.

16.     Based on medical information submitted to it and Met Life's long-term disability decision (approval), McElroy was no longer able to hold a position for L. Schwindel and terminated his employment effective April 6, 2018.

17.     Pursuant to the terms of the basic life insurance policy, L. Schwindel's life insurance coverage continued through May 1, 2018. Because he satisfied the policy conditions, Met Life approved him for the Extension Period of coverage—waiving any premiums—for the next 12 months, through May 1, 2019. At that time, his "Totally Disabled" benefit ended.

18.     As of May 1, 2019, L. Schwindel ceased to be in a class eligible for the basic life insurance coverage. At that time, L. Schwindel was eligible to port—without proof of insurability—his basic life insurance to *a new certificate of insurance* for the same benefit amount—$17,000.

19.     Met Life was required to provide L. Schwindel with notice of the option to port but failed to do so. Pursuant to the policy terms, because Met Life did not provide the required port notice, the request period was extended to 91 days—ending on July 31, 2019.

20.     Because L. Schwindel died during the port request period, the basic life insurance benefits were properly payable to his beneficiary. Met Life failed to pay the basic benefit.

21.     In addition to the right to port, L. Schwindel was eligible to convert—without proof of insurability— his basic life insurance coverage to an *individual* policy. This option was provided as part of the portability option. Again, however, Met Life did not provide L.

Schwindel with any notice of his portability rights, which included his right to also convert after his coverage ended.

22.     At the time his employment ended—April 6, 2018—L. Schwindel was totally disabled. Met Life had determined he was disabled under the long-term disability policy and subsequently under the basic life and supplemental optional life insurance policies. L. Schwindel remained disabled under the foregoing Met Life insurance policies through and including his date of death.

23.     Mr. Schwindel exhausted the claim process. Mr. Schwindel's claim for the beneficiary benefits under the long-term disability, basic life, and supplemental optional life insurance benefits was denied by Met Life's letter dated July 30, 2019. Mr. Schwindel submitted his appeal by letter dated August 27, 2019. Met Life did not respond.

### Claim(s)

24.     The insurance policies—long-term disability, basic life, and supplemental optional life—are written contracts by and between L. Schwindel and Met Life. Plaintiff is the intended third-party beneficiary of these contracts.

25.     Met Life breached the terms of the contracts by, *inter alia*:

      a.    failing to provide the required notice of L. Schwindel's rights;

      b.    failing to provide the respective policy benefits to Mr. Schwindel as the named beneficiary; and

      c.    failing to comply with the policy terms and conditions for processing claims.

26.     Met Life's contractual breach has damaged Mr. Schwindel, not only in the loss of the policy benefits, but also in the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

27.     29 U.S.C. §§1132(a)(1)(B) and (a)(3) are the enforcement mechanisms permitting Mr. Schwindel to enforce the contractual terms of the insurance policies, to obtain past benefits, to obtain interest, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

28.     29 U.S.C. §§1132(g) is the enforcement mechanism permitting Mr. Schwindel to recover his attorneys' fees and costs.

## Prayer for Relief

29.     Mr. Schwindel requests the Court enter judgment in his favor and against Met Life on all claims asserted herein and award all available legal or equitable relief.

30.     Mr. Schwindel requests the Court award his attorneys' fees and costs.

31.     Mr. Schwindel requests the Court award pre- and post-judgment interest at the greater of the prime rate or the rate earned by Met Life on the unpaid policy benefits.

32.     Mr. Schwindel requests leave to amend his complaint when and as necessary to obtain complete relief.

* * * * * * * * * *

Dated: December 19, 2019                 s/ Michael D. Grabhorn

                                         **Grabhorn Law | Insured Rights™**

                                         Michael D. Grabhorn
                                         *m.grabhorn@grabhornlaw.com*
                                         Andrew M. Grabhorn
                                         *a.grabhorn@grabhornlaw.com*
                                         2525 Nelson Miller Parkway, Suite 107
                                         Louisville, KY 40223
                                         p (502) 244-9331
                                         f (502) 244-9334

                                         *Counsel for Plaintiff Jacob Schwindel*